TAM:BB:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA       )    CRIMINAL NO.
                               )
        v.                     )
                               )    (                  , J.)
WEDJ/THREE C'S, INC.,          )
                               )
            Defendant.         )    (ELECTRONICALLY FILED)
```

### P L E A   A G R E E M E N T

The following plea agreement is entered into by and
between the United States Attorney for the Middle District of
Pennsylvania, and the above-captioned defendant. Any
reference to the government in this agreement shall mean the
Office of the United States Attorney for the Middle District
of Pennsylvania. Any reference to the defendant in this
agreement shall mean WEDJ/Three C's, Inc. (WEDJ).

1. The government and the defendant agree that this
plea agreement is made pursuant to Fed. R. Crim. P. Rule
11(c)(1)(C) and the parties agree that a specific sentence,
as outlined below, is the appropriate disposition of this
case. If the Court refuses to accept any provisions of this
plea agreement, including, but not limited to the agreed upon
sentence, then neither party shall be bound by any of the
provisions of the plea agreement, and no statement contained
in this plea agreement or any of its attachments will be

admissible against either party in any proceeding.  It is
further agreed that if the Court rejects this plea agreement,
the government may move to dismiss the charges contained in
the Information without prejudice, and the defendant will
have no objection to such a dismissal, nor any objection, on
the basis of such dismissal of the charges, to the
continuation of the investigation or the return of an
Indictment containing additional charges and naming
additional defendants.

     2.   The defendant also understands that this plea
agreement is part of a global resolution of a related civil
complaint titled U.S. ex rel Zimmerman v. WEDJ, Inc., et al.,
Civ. No. 4:CV-02-0149.  If the defendant breaches the
settlement agreement in that case, it shall be considered a
material breach of this plea agreement.

     3.   The defendant agrees to waive Indictment by a grand
jury and plead guilty to a one-count felony Information which
will be filed against the defendant by the United States
Attorney for the Middle District of Pennsylvania regarding
WEDJ's submission of a false Form DD250 regarding a First
Article Test Report for Contract No. DAAB07-98-C-E502 on
January 23, 2001.  Attached hereto as Exhibit 1 is a copy of
that Information which charges the defendant with one count
of violating 18 U.S.C. § 1001, false statements or entries
with respect to that submission.

-2-

4.   The defendant understands that the maximum penalty for an organization violating 18 U.S.C. § 1001 is a fine up to $500,000 per count pursuant to 18 U.S.C. § 3571(c)(3), a special assessment of $400.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(B), and a term of probation pursuant to 18 U.S.C. § 3561(c)(1).  The defendant and the government agree that the appropriate sentence is a total fine of $100,000 and a $400 special assessment.  The parties further agree that no term of probation nor order for restitution will be imposed.

5.   At the time the guilty plea is entered, the defendant, through an authorized representative, shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the Information.  At the time of the guilty plea, the defendant will file a corporate resolution authorizing the guilty plea and the execution of this plea agreement.

6.   In exchange for the defendant's guilty plea, the government agrees that it will not bring any other criminal charges against the defendant arising out of U.S. Army Contracts DAAB07-98-C-E502, DAAB07-00-C015, DAAB15-01-D-0002, and DLA contracts to support the U.S. Navy's Landing Craft Air Cushioned (LCAC) Program.  Furthermore, the government agrees not to bring any criminal charges against any former or current officers or employees of the defendant for conduct associated with those contracts.  However, nothing in this

-3-

agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

7.   Nothing in this agreement shall bind any other federal, state, or local law enforcement agency unless specifically stated otherwise.  Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest, or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

8.   Nothing in this agreement protects the status of any license held by the defendant or any individual.  The defendant understands that the status of any license is a matter solely within the discretion of the appropriate licensing authority.

9.   The defendant agrees that the government may, at its sole discretion, reinstate the investigation and prosecution of the defendant in the event that the charges to which the defendant is pleading guilty or the sentence is subsequently vacated or set aside by the district court or any appellate court at the defendant's request or upon the defendant's motion.   The defendant further agrees to waive any defenses to the reinstatement of the investigation and prosecution of the defendant based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other grounds in the event that the defendant successfully

-4-

vacates or sets aside any conviction or sentence imposed
pursuant to this plea agreement.

    10.   In the event the United States believes the
defendant has failed to fulfill any obligations under this
agreement, then the United States shall, in its discretion,
have the option of petitioning the Court to be relieved of
its obligations.  Whether or not the defendant has completely
fulfilled all of the obligations under this agreement shall
be determined by the Court in an appropriate proceeding at
which any disclosures and documents provided by the defendant
shall be admissible and at which the United States shall be
required to establish any breach by a preponderance of the
evidence.

    11.   The defendant and the United States agree that in
the event the Court concludes that the defendant has breached
the agreement:

- (a) The defendant will not be permitted to
  withdraw any guilty plea tendered under
  this agreement and agrees not to petition
  for withdrawal of any guilty plea;

- (b) The United States will be free to make
  any recommendations to the Court
  regarding sentencing in this case;

- (c) The United States will be free to bring
  any other  charges it has against the
  defendant, including any charges
  originally brought against the defendant
  or which may have been under
  investigation at the time of the plea.
  The  defendant waives and hereby agrees
  not to raise any defense to the
  reinstatement of these charges based upon

collateral estoppel, Double Jeopardy or
other similar grounds.

12.   Pursuant to United States v. Booker, 125 S. Ct. 738
(2005), the parties agree that the Court will take the U.S.
Sentencing Commission Guidelines into account in determining
the appropriate sentence in this case.  The parties
understand that the agreed upon disposition of this case may
depart from the applicable sentencing guidelines, but agree
that it is a reasonable sentence under the facts and
circumstances of this case.  The parties further agree that
the Court has authority to accept the terms of this plea
agreement despite the fact the sentence may fall outside the
applicable guidelines.

13.   The defendant understands that the government will
provide to the United States Probation Office all information
in its possession which the government deems relevant
regarding the defendant's background, character, cooperation,
if any, and involvement in this or other offenses.

14.   The defendant understands that pursuant to the
United States District Court for the Middle District of
Pennsylvania "Policy for Guideline Sentencing" both the
United States and defendant must communicate to the probation
officer within fourteen (14) days after disclosure of the
pre-sentence report any objections they may have as to
material information, sentencing classifications, sentencing
guideline ranges and policy statements contained on or

-6-

omitted from the report.  The defendant agrees to meet with government counsel at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report will not be grounds for withdrawal of a plea of guilty.

15.  At the sentencing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct.

16.  Nothing in this agreement shall restrict or limit the nature or content of the government's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including

-7-

but not limited to, requests for information concerning possible sentencing departures.

17.   The government is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

18.   This document states the complete and only Plea Agreement between the government and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

19.   The original of this agreement must be signed by the defendant's authorized representative and defense counsel and received by the United States Attorney's Office for the Middle District of Pennsylvania on or before 5:00 p.m.,

-8-

December 20, 2005, otherwise the offer may, in the sole
discretion of the government, be deemed withdrawn.

20. None of the terms of this agreement shall be
binding on the government or the defendant until signed by
the defendant and defense counsel and until signed by the
United States Attorney for the Middle District of
Pennsylvania.

#### ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part
of it with my attorney. I fully understand it and I
voluntarily agree to it. I have been authorized by the Board
of Directors of the defendant to sign this agreement on
behalf of the defendant.

12/20/05
Date

_George Cooper_

**WEDJ/THREE C'S, INC.**
**By George Cooper, Vice**
**President, WEDJ**

I am the defendant's counsel. I have carefully reviewed
every part of this agreement with the defendant. To my
knowledge my client's decision to enter into this agreement
is an informed and voluntary one.

12/20/05
Date

**DOUGLAS D. FRANCE, ESQUIRE**
**Counsel for Defendant**

-9-

_____1/19/06_____
Date

THOMAS A. MARINO
United States Attorney
Middle District of Pennsylvania


BB:nl
December 6, 2005/2001R00498

TAM:BB:nl

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | |
| v. | ) | |
| | ) | (                    , J.) |
| WEDJ/THREE C'S, INC., | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

### I N F O R M A T I O N

**THE UNITED STATES ATTORNEY CHARGES:**

On or about January 23, 2001, in the Middle District of Pennsylvania, the defendant,

**WEDJ/THREE C'S, INC.,**

in a matter within the jurisdiction of the U.S. Department of the Army, did knowingly and willfully make and use a material false writing and document by presenting to the Commander, U.S. Army CECOM at Fort Belvoir, Virginia, a DD Form 250 certifying that the Final First Article Test Report for Contract No. DAAB07-98-C-E502 was in accordance with contract requirements knowing the same to be false, that is, the Final First Article Test Report contained materially false, fictitious, and fraudulent testing data in violation of contract requirements.



In violation of Title 18, United States Code, Section 1001(a).

Thomas A. Marino
United States Attorney